IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**JOEL CLAUDE ROWLAND,**<br><br>     Debtor. | **CHAPTER 11**<br><br>**CASE NO. 17-54647-bem** |

**APPLICATION REQUESTING ENTRY OF ORDER CONDITIONALLY APPROVING DISCLOSURE STATEMENT, SCHEDULING HEARING ON PLAN CONFIRMATION AND VALUATION OF ESTATE PROPERTY, AND ESTABLISHING CERTAIN DEADLINES**

COMES NOW, Joel Claude Rowland ("Debtor"), by and through the undersigned counsel, and hereby files this "*Application Requesting Entry of Order Conditionally Approving Disclosure Statement, Scheduling Hearing on Plan Confirmation and Valuation of Estate Property, and Establishing Certain Deadlines*" (the "Application"), in which Debtor respectfully requests an order (1) conditionally approving his Disclosure Statement and scheduling a hearing to consider final approval thereof, Plan confirmation hearing and a collateral valuation hearing pursuant to 11 U.S.C. § 506(a), (2) approving the form and content of Debtor's ballot, (3) establishing a deadline for filing objections to the Disclosure Statement and Plan of Reorganization, (4) establishing a deadline for casting ballots to accept or reject Plan of Reorganization, and (5) to the extent necessary, extending the deadline for confirming Debtor's proposed Plan of Reorganization. In support of the Application, Debtor respectfully shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. The subject matter of this Application constitutes a core proceeding within the meaning of 28

U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is 11 U.S.C. §§ 1125(f), 506(a), and 105 and Rules 3017.1 and 3012 of the Federal Rules of Bankruptcy Procedure ("Rule(s)").

2. On March 10, 2017 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("Court").

3. Debtor continues to operate his business and manage his affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. No official committee of unsecured creditors was or has been appointed in this case.

5. On May 22, 2017, Debtor filed the following: (a) Plan of Reorganization ("Plan"); and (b) Disclosure Statement for Plan of Reorganization ("Disclosure Statement").

**Relief Requested**

6. By this Application, Debtor requests entry of an order: (a) conditionally approving the Disclosure Statement and setting a hearing on final approval of the Disclosure Statement to be held, if a timely objection is filed, at the same time as a hearing to consider confirmation of the Plan, and on Plan confirmation and valuation of collateral; (b) approving the form and content of a ballot; (c) establishing a deadline for objecting to the Disclosure Statement and Plan; (d) establishing a deadline for casting ballots to accept or reject the Plan; and (e) to the extent necessary, extending the deadline to confirm Debtor's Plan.

7. Debtor requests the Court to determine the value of claims secured by property in which the estate has an interest at the Confirmation Hearing, and that this Application be deemed and is a "Motion to Value Collateral Under 506(a)" in accordance with Rule 3012.

8. Section 1125(f) of the Bankruptcy Code provides, in pertinent part, as follows:

> …in a small business case
> …
> (3)(A) the court may conditionally approve a disclosure statement subject to final approval after notice and a hearing;
> (B) acceptances and rejections of a plan may be solicited based on a conditionally approved disclosure statement if the debtor provides adequate information to each holder of a claim or interest that is solicited, but conditionally approved disclosure statement shall be mailed not later than 25 days before the date of the hearing on confirmation of the plan; and
> (C) the hearing on the disclosure statement may be combined with the hearing on confirmation of a plan.

9. Rule 3017.1(a) provides as follows:

> (a) **Conditional Approval of Disclosure Statement**. In a small business case, the court may, on application of the plan proponent or on its own initiative, conditionally approve a disclosure statement filed in accordance with Rule 3016. On or before conditional approval of the disclosure statement, the court shall:
> (1) fix a time within which the holders of claim and interest may accept or reject the plan;
> (2) fix a time for filing objections to the disclosure statement;
> (3) fix a date for the hearing on final approval of the disclosure statement to be held if a timely objection is filed; and
> (4) fix a date for the hearing on confirmation.

10. Debtor's case was filed as a small business case. The Disclosure Statement and Plan were filed in accordance with Rule 3016.

11. Rule 3012 requires notice be given of a hearing where the court will determine the extent to which a claim is secured. 11 U.S.C. Section 506(a) approves of holding a valuation hearing in conjunction with a confirmation hearing. 11 U.S.C. §506.

12. Section 1129(e) of the Bankruptcy Code requires confirmation of a small business case within 45 days after the filing of a plan and provides as follows:

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with Section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with Section 1121(e)(3).

13. Section 1121(e)(3) of the Bankruptcy Code allows an extension of time if:

> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable amount of time;
> (B) a new deadline is imposed at the time the extension is granted; and
> (C) the order extending the time is signed before the existing deadline has expired.

14. To the extent confirmation of the Plan cannot and/or does not occur within forty-five (45) days ("Confirmation Deadline") after the filing of the Plan, Debtor requests that the Confirmation Deadline be extended through and including August 21, 2017.

15. Debtor shows that extending the deadline is appropriate. The Plan and Disclosure Statement comply with the Bankruptcy Code. This request is made prior to expiration of the forty-five (45) day period. Unforeseen issues may arise delaying the confirmation process and the Court's calendar may be full. Thus, extending the deadline for obtaining confirmation of a plan alleviates any issues that may arise if the confirmation hearing cannot be scheduled and/or is continued beyond the initial forty-five (45) day period.

16. Debtor further requests that the Court approve the form and content of the Ballot attached hereto and incorporated herein as Exhibit "A". Ballots will be provided to creditors and parties in interest entitled to vote along with the Disclosure Statement and Plan.

17. An order granting this Application and the relief requested herein will be submitted contemporaneously herewith.

4

WHEREFORE, Debtor requests that the Court enter an order granting the Application and the relief requested herein and such other and further relief as may be deemed just and proper.

Respectfully submitted this 22nd day of May, 2017.

                                           **JONES & WALDEN, LLC**

                                           */s/ Leslie M. Pineyro*
                                           Leslie M. Pineyro
                                           Georgia Bar No. 969800
                                           lpineyro@joneswalden.com
                                           21 Eighth Street, NE
                                           Atlanta, Georgia 30309
                                           (404) 564-9300 Telephone
                                           (404) 564-9301 Facsimile
                                           Attorney for Debtor

**EXHIBIT "A" FOLLOWS**

Case 17-54647-bem    Doc 49    Filed 05/22/17    Entered 05/22/17 16:03:40    Desc Main
Document      Page 6 of 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**JOEL CLAUDE ROWLAND,**<br><br>　　　Debtor. | **CHAPTER 11**<br><br>**CASE NO. 17-54647-bem** |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S PLAN**

　　On May 22, 2017, Debtor filed his Chapter 11 Plan of Reorganization (the "Plan") and Disclosure Statement for Plan of Reorganization ("Disclosure Statement").On May 22, 2017, Debtor filed an Application Requesting Entry of Order Conditionally Approving Disclosure Statement (the "Application"). The Court has conditionally approved the Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from Jones & Walden, LLC, 21 Eighth Street, NE, Atlanta, Georgia 30309, 404-564-9300 (telephone), 404-564-9301 (facsimile).  The Disclosure Statement and Plan are available for review in the Office of the Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, Atlanta, Georgia 30303 during normal business hours or online at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

　　**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  If you hold claims or equity interests in more than one class, you may receive a ballot for each class in which you are entitled to vote and you may use a copy of the ballot or request an additional ballot if you do not receive one.**

　　**If your ballot is not received by the Office of the Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303** *on or before June 23, 2017* **and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

　　**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**JOEL CLAUDE ROWLAND,**<br><br>      Debtor. | CHAPTER 11<br><br>CASE NO. 17-54647-bem |

**BALLOT FOR ACCEPTING OR REJECTING
DEBTOR'S PLAN OF REORGANIZATION**

The Plan referred to in this ballot can be confirmed and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each Class. If the required acceptances are not obtained, the Plan may nevertheless be confirmed if the Court finds that the plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Code.

**TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT ON OR BEFORE *June 23, 2017* TO:**

**Clerk, U.S. Bankruptcy Court
1340 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3367**

You must also deliver a copy of the completed, signed ballot to Debtor's Attorney at: Jones & Walden LLC, 21 Eighth Street, NE, Atlanta, Georgia 30309, Attn: Leslie M. Pineyro.

**The undersigned is a holder of** [check one:]
    ___ a secured claim
    ___ an unsecured claim
    ___ other [specify:_____]

**In the amount of $_____, in Class _____ and hereby:**

      _____ **Accepts**      _____ **Rejects**

**Debtor's Plan of Reorganization**

Date: _____

Creditor: _____
       Print or Type Name

Signed: _____

Title: _____

Address: _____
_____

Phone Number: _____

2

## CERTIFICATE OF SERVICE

I certify that on the date specified herein below I cause to be served a copy of the foregoing documents via first class United States mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery upon the parties listed below:

David Weidenbaum
Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

This 22nd day of May, 2017.

**JONES & WALDEN, LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
lpineyro@joneswalden.com
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300 Telephone
(404) 564-9301 Facsimile
Attorney for Debtor

3